IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLAVIN JUSTAN IVY,                                  :

Plaintiff,

v.                                                  :    *1:18-Cv-1506*

SUPT. LAUREL HARRY; SGT. JOHNSON;    :
SGT. BENNING; RENEE ZOBITNEE;
LIZHU ZHONG; ROBERT GIMBLE;          :       FILED
LT. MORTON;                                        SCRANTON

                                                    :     JUL 2 7 2018
Defendants,
                                                   PER _____
                                                        DEPUTY CLERK

---

## COMPLAINT

---

### I. JURISCDICTION & VENUE

1.  This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367.

2.  The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. §1391 (b)(2) because it is where the events giving rise to these claims occurred.

### II. PLAINTIFFS

3.  Plaintiff, GLAVIN JUSTAN IVY, was, at most times mentioned herein, a prisoner of SCI-CAMP HILL. Plaintiff is currently a prisoner residing at SCI-FOREST.

### III. DEFENDANTS

4. Defendant, LAUREL HARRY, is the Superintendent of SCI-CAMP HILL and is responsible for the supervision and training of his employees.

5. Defendant, SGT. JOHNSON, is/was a Correctional Officer employed by SCI-CAMP HILL at the time the events mentioned herein occurred.

6. Defendant, SGT. BENNING, is/was a Correctional Officer employed by SCI-CAMP HILL at the time the events mentioned herein occurred.

7. Defendant, LT. MORTON, is/was a Correctional Officer employed by SCI-CAMP HILL at the time the events mentioned herein occurred.

8. Defendant, RENEE ZOBITNE, is/was the UNIT MANAGER assigned to plaintiff's housing unit at SCI-CAMP HILL.

9. Defendant, LIZHU ZHONG, is/was the LIBRARIAN employed by SCI-CAMP HILL.

10. Defendant, ROBERT GIMBLE, is/was the BUSINESS MANAGER at SCI-CAMP HILL.

11. SUPT. LAUREL HARRY is being sued in his official and personal capacity. All of the other defendants are being sued in their individual or personal capacities.

## IV. INTRODUCTORY STATEMENT

12. The gist of this action is that plaintiff, a temporary prisoner of SCI-CAMP HILL, was deprived access to the law library and to legal materials. This was due in part to the fact that SCI-CAMP HILL is a classification prison. Because of the sheer volume of inmates who come through SCI-CAMP HILL for processing, SCI-CAMP HILL cannot adequately uphold the constitutional rights of prisoners temporarily housed at their facility.

13. Furthermore, certain Correctional Officers, particularly those who work on housing units which house these temporary prisoners, have developed an unlawful scheme of retailitory conduct designed to discourage these inmates from filing grievances or otherwise jeopardizing the easy flow of prisoners through the facility.

14. Plaintiff was the victim of such an unlawful scheme whereby, after being deprived access to the law library and other legal necessities, and because plaintiff reported the deprivation to a Lt., plaintiff was confronted by inmates who wanted to stab plaintiff because of information originally disclosed by Sgt. Johnson. After Sgt. Johnson's attempts to harm plaintiff through third person failed, Sgt. Johnson himself entered plaintiff's cell and physically assaulted him.

15. After plaintiff filed a grievance and reported this assault , false misconducts were issued to coverup the assault and harassment.

16. Other inmates have experienced identical situations involving the same individuals, thus establishing a pattern, custom or practice of retailiation.

## FACTS

17. On July 25th, 2017, Judge Christopher St. John of the Mercer County Court of Common Pleas denied plaintiff's "petition for review" related to a private criminal complaint filed by plaintiff, that of which alleged perjury during plaintiff's criminal trial and by a Commonwealth witness. Plaintiff had 30 days to file his notice of appeal, appealing this ruling.

18. On July 31st, 2017, plaintiff was transferred from the Mercer County Prison (jail) to SCI-GREENE to begin the classification process and to start serving his sentence.

19. On August 9th, 2017, plaintiff was transferred from SCI-GREENE to SCI-CAMP HILL.

20. On August 9th, 2017, plaintiff was interviewed by a Counselor Chamberlain. Plaintiff informed her that he was acting pro se and had several legal matters he had to maintain. Plaintiff asked Counselor Chamberlain how he could gain access to the law library. Counselor Chamberlain advised plaintiff to write a request to the Unit Manager of R-Block (plaintiff's housing unit).

21. On August 9th, 2017, following Counselor Chamberlain's advice, plaintiff filed a request to the Unit Manager of R-Block. Plaintiff also filed a request to the business office to obtain legal envelopes and photocopies. Plaintiff did not receive a response from either party.

22. Plaintiff remained on 23-hour lockdown on R-Block for 10 days. During orientation, on August 9th, plaintiff (and all inmates) were directed by staff not to stand at the gate (cell door) and to refrain from pushing the intercom button unless there was an emergency.

23. Viewing plaintiff's legal matters as an emergency, plaintiff pushed the intercom and spoke with a C.O. who refused to identify himself. He informed plaintiff that no inmates were allowed to go to the law library while on R-Block.

24. Plaintiff attempted to speak to several Correctional Officers about how to gain access to the law library. They either claimed they could'nt help plaintiff or could not provide an answer. However, contact with a C.O. was rare and difficult to establish.

25. On August 17th, plaintiff was relocated to another housing unit: C-Block. Sgt. Johnson conducted another orientation. Sgt. Johnson informed plaintiff and several other inmates that he did not mind lying on paperwork if anyone caused any problems.

26. On August 17th, plaintiff sent two requests seeking access to the law library, legal envelopes and photocopies. One request was to the Unit Manager of C-Block, Renee Zobitne and the other was to Lizhu Zhong, the Librarian. (See Exhibits O & P)

27. On August 22nd, plaintiff sent another request to Lizhu Zhong, the Librarian. (See Exhibit Q )

28. On August 23rd and 24th, plaintiff asked Sgt. Mitchell (who worked on C-Block) to help him gain access to the law library. Sgt. Mitchell claimed he was unable to help plaintiff.

29. On or about August 23rd, plaintiff received a "REPORT AND RECOMMENDATION" related to a pending Federal suit in the Western District of Pennsylvania, that of which was filed by plaintiff. (Case No. 2:17-cv-00042-CB-MPK)

30. On August 25th, on his way to lunch, plaintiff brought with him a court order that mentioned plaintiff's due date (August 25th, 2017). Plaintiff approached Lt. Hoener and explained the issue. Lt. Hoener directed plaintiff to go eat lunch and that Lt. Hoener would handle the situation.

31. After plaintiff was done eating, he crossed paths with Lt. Hoener who was coming from the direction of C-Block. Lt. Hoener stopped plaintiff and directed plaintiff to speak with Sgt. Mitchell and that Sgt. Mitchell would take care of the issue.

32. Plaintiff was issued a pass to go to the law library. Upon entering the law library, he spoke with the Librarian, Lizhu Zhong, who informed plaintiff that he would not be permitted to stay in the law library because plaintiff was in "blues" and "browns" were currently inhabiting the law library. SCI-CAMP HILL, had/has a policy that forbids the intermingling of inmates in blue uniforms (not yet classified) with inmates in brown uniforms (classified).

33. Plaintiff pleaded to Lizhu Zhong that he needed photocopies, legal envelopes and access to the computer for legal research. Lizhu Zhong claimed that she could only provide photocopies. Plaintiff, after receiving the photocopies, was made to leave the law library.

34. Plaintiff had one envelope. Plaintiff placed his notice of appeal and a motion requesting an extension of time the the mailbox at SCI-CAMP HILL on August 25th. Plaintiff was not able to serve all the parties as required by the rules of criminal procedure. Ultimately, plaintiff's notice of appeal was not docketed.

35. At about 3:00pm, on August 25th, inmates on C-Block were let out of their cells to go to afternoon yard. Sgt. Johnson was standing at the doorway leading outside.

36. As plaintiff passed Sgt. Johnson, Sgt. Johnson yelled at plaintiff saying "Did you get your constitutional rights, pussy?" Plaintiff ignored him and knew the statement was related to plaintiff's efforts to gain access to the law library.

37. While in the yard, plaintiff was approached by two inmates of spanish decent, who threatened to stab plaintiff for "what" he had "done". Plaintiff suspected these inmates were referring to plaintiff's criminal case and conviction. Plaintiff was told not to come back to yard.

38. After yard was over, inmates returned to their cells for count. After count, plaintiff and his cellmate, Harmeen Smith, were let out for a shower. Upon returning to the cell after showers, Sgt. Johnson directed Harmeen Smith to pack his belongings because he was being moved to another cell.

39. Correctional Officers are known to isolate inmates in this way, to draw the attention of other inmates and to signify that the isolated inmate has a criminal case involving sexual misconduct. This creates a life-threatening enviroment for the isolated inmate.

40. Plaintiff continued to go to the yard for recreation. If plaintiff chose not to go, it would make things worse for plaintiff because the inmates would view this as an act of weakness. This act of weakness would be viewed as an invitation to begin extorting plaintiff for his commissary.

41. If plaintiff reported these inmates to staff, there existed a likelihood that correctional officers would refuse to do anything about it and/or would inform these particular inmates that plaintiff "snitched". As a measure of self-preservation, plaintiff chose to do nothing.

42. On August 25, during each and every yard, plaintiff was approached, threatened and put in fear of imminent bodily injury. However, inmate Harmeen Smith was helping to diffuse the situation by defending plaintiff.

43. After yard, Sgt. Johnson approached Harmeen's cell and offered to "push paperwork" if Harmeen Smith would stop helping plaintiff. To "push paperwork" meant to expedite the approval of Harmeen's phone list and visitation list which usually takes a month to process. Harmeen declined Sgt. Johnson's offer.

44. After each and every yard, Sgt. Johnson was seen by plaintiff and several other inmates, talking quietly to the inmates who were threatening plaintiff. Atleast one of these inmates was a block-worker.

45. On August 27th, at Lunch, plaintiff had asked another inmate who was sitting at his table, what plaintiff should do. Plaintiff asked whether it was wise or not to report the events to a Lt. or to file a grievance.

46. However, one of Sgt. Johnson's informants were sitting at the table. This individual was of spanish decent but was not one of the inmates who approached and threatened plaintiff. This inmate did regularly associate with those who did, but plaintiff did not recognize such at this time. Because of what happened next, plaintiff knew this inmate relayed what plaintiff said to Sgt. Johnson.

47. On August 27th, after the entire facility was locked down and after count was conducted, plaintiff's cell door was opened. Plaintiff was standing at his sink at this time.

48. Sgt. Johnson entered plaintiff's cell, alone, and threw plaintiff against the wall with such force that plaintiff's head struck the wall and momentarily, plaintiff lost consciousness. After plaintiff came to, Sgt. Johnson repeatedly struck plaintiff in the sides of his head (plaintiff covered his face), and caused plaintiff's right ear to bleed.

49. Sgt. Johnson said, "You're a bitch" and warned plaintiff that if he ever mentioned his name to a Lt. or in a grievance, that he would make sure plaintiff spent the rest of his time in R.H.U.

50. On August 28th, on his way to lunch, at approx. 11:00am, plaintiff submitted a grievance detailing the above- mentioned events.

51. After eating lunch, plaintiff approached Lt. Morton and briefly informed him that plaintiff

was assaulted by Sgt. Johnson. Lt. Morton told plaintiff that he would have plaintiff called down to his office.

52. Plaintiff was called down to Lt. Morton's office around 1:00pm. Plaintiff informed Lt. Morton of all the facts mentioned above. Lt. Morton said that he would have plaintiff taken to medical, that he would give Sgt. Johnson a direct order not to have any further communication with plaintiff and that plaintiff would be relocated to the other side of the prison.

53. Plaintiff told Lt. Morton that he was in fear for his life and urged Lt. Morton to have plaintiff moved before 2:00pm and before Sgt. Johnson came in to work on C-Block. Lt. Morton ensured plaintiff that everything would be handled.

54. Plaintiff returned to his cell, B-59, and packed his belongings and, quietly and patiently waited.

55. Once 2:00pm arrived, plaintiff experienced intense anxiety and fear. Plaintiff wondered what was taking so long.

56. At about 2:30, yard was called. Plaintiff remained inside because he was expecting to be moved at anytime. Shortly thereafter, a C.O. and a Lt. approached plaintiff's cell and directed him to "cuff up". Plaintiff complied. Plaintiff was informed he was being escorted to R.H.U.

57. Consistent with the threats made to plaintiff by Sgt. Johnson during the assault, on August 28th, Sgt. Johnson issued a misconduct claiming, falsely the following:

"On the above date and time, while doing a round on C-Blk, Inmate Ivy, NA8177 did threaten this Sgt. stating "I stayed in from yard for you, now open this gate." This Sgt. walked away from the cell and Inmate made another threat yelling "You cowar, you better watch your back. I've got something for you the next time this gate opens." This Sgt. continued to walk away to deescalate the situation." (See exhibit _I_ )

58. However, plaintiff never saw Sgt. Johnson on this day.

59. Plaintiff received no medical attention for his injuries as promised by Lt. Morton. Plaintiff made several verbal requests to staff but was ignored.

60. On August 30th, plaintiff pled "Not Guilty" to the misconduct issued by Sgt. Johnson. On this day, the hearing examiner J. Schneck, dismissed (without prejudice) the misconduct. Plaintiff remained in R.H.U.

61. On the night of August 30th, plaintiff was relocated to another cell in R.H.U. During this move Correctional Officers confiscated plaintiff's soap and toothpaste. Sgt. Benning was one of these officers. Plaintiff went without soap and toothpaste for the following week.

62. On September 1st, plaintiff sent a request to the business office, particularly, Robert Gimble, requesting paper and legal envelopes. (See Exhibit _5_ )

63. Plaintiff had ordered commissary but would not be able to have this commissary while in R.H.U.. Robert Gimble considered plaintiff "not indigent" because of this commissary purchase. Because plaintiff was "not indigent", Robert Gimble refused to provide plaintiff with any legal materials. Robert Gimble deemed this in accordance with "Policy".

64. On September 1st, around 12:00pm, plaintiff was summoned by Lt. Francis of the Security Office to investigate the assault by Sgt. Johnson. During this interview plaintiff gave the names of witnesses or their description. This included Inmate Harmeen Smith (NA8779) and Micheal Hernandez. Micheal Hernandez's cell was directly across from plaintiff's. Micheal Hernandez also witnessed many of the events detailed in this complaint. Lt. Francis informed plaintiff that inmates are oftentimes reluctant to testify against correctional officers because they may face retaliation, such as plaintiff has.

65. On the night of September 1st, a C.O. approached plaintiff's cell in R.H.U. and asked if he wanted to use the L5 mini law library (for plaintiff submitted a request to do so). Plaintiff said he would.

66. At this time plaintiff was handcuffed and removed from the cell while Sgt. Benning conducted a search of plaintiff's cell. This was unorthodox.

67. Sgt. Benning made a comment about "beating" Sgt. Johnson's misconduct. Sgt. Benning then claimed to have found contraband in plaintiff's cell and informed plaintiff that he would be receiving another misconduct. This contraband was supposedly a "fishing line". A "fishing line" is a small peice of soap attached to string and used to exchange things from cell to cell (such a newpapers). This "contraband" was found underneath a mattress that was not being used by plaintiff.

68. Plaintiff was then returned to his cell, at which time plaintiff asked why he was not being transported to the L5 law library. Plaintiff was then transported to the L5 law library.

69. Plaintiff was issued a misconduct and later learned that Sgt. Benning and Sgt. Johnson had used to work together in R.H.U. before Sgt. Johnson was relocated to C-Block. Plaintiff had also learned that Sgt. Johnson had been suspended for his treatment of inmates.

70. On September 3rd, Sgt. Benning and his subordinate conducted razor pass. Sgt. Benning told his subordinate "Give him that one." When plaintiff received his razor he realized that it was not the razor that belonged to plaintiff. This razor had blood and hair on its blade.

71. Plaintiff also had different inmates placed in his cell. Plaintiff, upon information and belief, asserts that this was done with the hope that these inmates would become hostile against plaintiff because of his case. To support this assertion, one of these imates were from general population (browns) and according to policy could not be celled with an inmate in Blue (classification). Also, plaintiff, having been removed from DC status, should not have been housed with an inmate still on DC status. Futhermore, several cells were vacant on plaintiff's block on R.H.U.

72. A few days before plaintiff was transferred from SCI-CAMP HILL, plaintiff was housed with another inmate (whose name is unknown to plaintiff). This inmate experienced an almost identical situation as the plaintiff. This establishes a practice or custom designed to "hush" inmates who grieve SCI-CAMP HILL for serious issues.

73. This inmate was a block worker on a block on the "old side" (a or b) of the prison. A certain C.O. would repeatedly allow white block-workers out to perform their duties but would intentionally neglect to let the black-workers out to do the same. This inmate was one of the black block-workers.

74. This inmate eventually decided to bring this discrimination to the attention of Lt. Morton (like the plaintiff) and Lt. Morton played "good cop, bad cop" as he did with plaintiff. Lt. Morton told this inmate that he would "handle it".

75. However, this inmate was taken to R.H.U. instead. Most interestingly, this inmate recieved a misconduct for the same exact charges as the plaintiff and the content of the misconduct itself was nearly identical to plaintiff's, as if correctional officers have a default misconduct they issue when inmates file grievances or report incidences to the Lt.

76. From August 28th to Sept. 11th 2017, while in R.H.U., plaintiff was not permitted to shower. Plaintiff did not refuse a shower nor did he violate any rules that would forfeit his shower priviliges. Camp Hill has a policy that if an inmate does not stand in the back of his cell in a certain way, the inmate will not recieve a shower.

77. Plaintiff's Federal suit was stayed because plaintiff could not effectively respond to the Report and Recommendation and prevent the stay due to plaintiff's lack of access to the law library. A portion of plaintiff's claims were improperly stayed pending the outcome of plaintiff's state court proceedings. Plaintiff's claims concerning Mercer County prison staff and the Policy of the District Attorney of Mercer County bore no relevance to plaintiff's state court cases, atleast as far as exhaustion was concerned. Plaintiff did not learn of this until he was able to gain access to the law library.

78. Plaintiff also lost his appeal rights concerning the Private Criminal Complaint against a witness who committed perjury at plaintiff's criminal trial. This was the only remedy availible to plaintiff for perjury committed against him.

79. Plaintiff recieved no medical attention after the assault by Sgt. Johnson.

80. Plaintiff has exhausted all administrative remedies availilble to him, including exhausting the grievance process.

## VI. LEGAL CLAIMS

COUNT I.

Against the defendant SUPT. LAUREL HARRY, LT. MORTON, SGT. JOHNSON, and SGT. BENNING plaintiff asserts a claim under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S.Ct. 2018 (1978), in violation of the FIRST, FIFTH, and FOURTEENTH amendments to the United States constitution for implementing and maintaining a policy, practice or custom of retaliating against inmates for conduct protected under the United States Constitution.

The defendants engaged in a campaign of harassment against the plaintiff for plaintiff's utilization of the grievance process.

COUNT II.

Against the defendant SGT. JOHNSON, plaintiff asserts a claim of excessive force in violation of the "Cruel and unusual punishment clause" of the EIGHTH amendment to the United States constitution for having plaintiff's cell door opened and for assaulting plaintiff for considering the filing of a grievance and other protected conduct.

COUNT III.

Against the defendants, SUPT. LAUREL HARRY, RENEE ZOBITNEE, LIZHU ZHONG and ROBERT GIMBLE, plaintiff asserts a violation of the right to access of courts under the FIRST amendment to the United States constitution for denying plaintiff access to legal materials and a law library for research.

Because of the limited access to such, plaintiff's appeal rights were forfeited and plaintiff's federal case in the western district was stayed in toto.

COUNT IV.

Against defendants SGT. BENNING and SUPT. LAUREL HARRY, plaintiff asserts a violation of the EIGHTH amendment to the United States constitution for the inhumane conditions plaintiff was forced to endure such as a deprivation of proper hygiene for an extended period of time.

COUNT V.

Against the defendants LT. MORTON, SGT. JOHNSON and SGT BENNING, plaintiff asserts a violation of the FIRST amendment to the United States constitution for retaliating against plaintiff for the exercise of his constitutional rights or other protected conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this court enter judgement:

Granting, GLAVIN IVY, 100,000.00$ in punitive damages against each defendant, jointly and severally, AND;

Plaintiff seeks a jury trial on all issues triable by jury, AND;

Plaintiff also seeks recovery of his costs in this suit, AND;

Any additional relief this court deems just, proper, and equitable.

DATED:

RESPECTFULLY SUBMITTED

_____ 7-20-18

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

*Reject/ Library #4*

FOR OFFICIAL USE
69331U
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: *Camp Hill* | DATE: *8-22-17* |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) *GLAVIN IVY NA8177* | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: *BZ-59-02 C-Block* | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Since my Arrival on R-Block, on August 9th, 2017, I have been desperately trying to obtain access to the law library, for I Am Acting pro-se on several cases, including A Federal Civil Rights lawsuit. I spoke with Counselor Chamberlain who directed me to write the unit manager of R-Block. I also spoke with several Officers on R-Block who would Not identify themselves. Once Arriving on C-Block I wrote the unit manager Renee Zobitue, And the librarian. I have A Court ordered due date set for the 26th of August. I must file this Appeal. I Need immediate Access to the law library.

B. List actions taken and staff you have contacted, before submitting this grievance.

Unit managers of R + C Block, librarian And Counselor Chamberlain And several C.O's

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*          ***Attachment 1-A***
Issued: 3/31/2014
Effective: 5/1/2014

*Exhibit B*

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA  17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Glavin Ivy | | Inmate Number: | NA8177 |
|---|---|---|---|---|
| Facility: | Camp Hill | | Unit Location: | E block B 20 |
| Grievance #: | 693314 | | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | |
| | ☐ Dismiss/Dismiss Untimely | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | Frivolous |
|---|---|---|

I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Coordinator's rejection. In your appeal you state the Grievance Coordinator denied yoru grievance because you did not include specific dates you requested access to the library and were denied. You state this was because it was an ongoing issue from August 9th to August 25th. You claim you could not log each time you approached staff because you were not given paper. In relief  you either would like policy to be changed, or "its policy enforced." You also request monetary compensation, and for disciplinary action to be taken againt "Sgt Mitchell, Sgt Johnson, Unit Managers of R & C block, the librarian,  and all others responsible."

I find the Grievance Coordinator properly rejected your grievance due to lack of incident date. You did not list any specific date you were denied access to the library in your intitial grievance.

Therefore, I uphold the initial rejection and your appeal and any requested relief is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Facility Manager |
| Date: | 9/26/17 |

cc:   DC-15
      File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
**Section 2 – Appeals**
Issued: 2/27/2015
Effective: 5/1/2015

*Attachment 2-B*

Exhibit C
G Unit - A Pod

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
0960724
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Camp Hill | DATE: 9-12-17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Glavin Ivy NA8177 | SIGNATURE OF INMATE: NA 8177 | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: Forest → CB-1037 (B-20 Ebcd) Camp Hill | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I was placed in RHU in Retaliation of my exercise of my Constitutional Rights. While in RHU, Sgt Benning furthered this campaign of harrassment by doing various acts. Sgt. Benning is and was acting in concert with Sgt Johnson. On Weds 30th I was placed in another cell. At this time my soap, toothpaste was confiscated. I was left without these hygiene products for a week. On Fri the 1st of September, Sgt. Benning conducted a Retalitory cell search, when I was going to be taken to the LS mini-law library. Sgt Benning made a comment about me "beating" Sgt Johnsons misconduct. Sgt Benning then fabricated a misconduct. On Sun, at 3:30 on Sept 3rd, Sgt Benning directed to a CO to give me another man's used Razor during Razor pass. For two weeks while in RHU from Aug. 28th to Sept 11th, I was denied any shower. I did not refuse or break any rules to cause this deprivation. Also, I was not provided envelopes or blank paper to conduct my legal business (appeals) and thus I was deprived my right to access the courts. Sgt Benning also kept moving inmates into my cell (two of which were in browns) against Policy. I would like punitive money damages and disciplinary action taken.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Regarding my right to access the courts, I wrote the business office and the unit manager. Regarding Retaliation, I did nothing prior to this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator     9-15-17     Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*      **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

*Exhibit D*

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

reject/misconduct/sack

FOR OFFICIAL USE
1098086
GRIEVANCE NUMBER

PWS
#8

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: Camp Hill | DATE: 9-12-17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Glavin Ivy NA8177 | SIGNATURE OF INMATE: Glavin | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: B-20 E Block RHU | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I was placed in RHU in Retaliation of my exercise of my Constitutional rights while in RHU, Sgt. Benning furthered this campaign of Harassment by doing various acts. Sgt. Benning is and was Acting in concert with Sgt. Johnson, On Weds 30th, August I was placed in Another cell. At this time, my soap + toothpaste was Confiscated. I was left without these hygiene products for a week. On Fri the 1st of September, Sgt. Benning conducted a Retaliatory cell search while I was going to be taken to the law library. Sgt. Benning made a Comment about me "busting" Sgt Johnsons misconduct, Sgt Benning then Fabricated a misconduct. On Sun, At 3:30 on Sept 3rd, Sgt Benning directed a C.O. to give me another man's Razor during Razor Pass, for two weeks while in RHU (from August 28th to Sept 11th, I was denied Any shower. I did not refuse or Break Any Rules, to cause this deprivation. Also, I was Not provided envelopes or Blank paper to conduct my legal business (appeals) and thus I was deprived my right to Access the Courts. Sgt Benning Also Kept moving inmates into my cell, two of which were in Browns (I was in Blues), hoping they would ask to see my paperwork and want to fight me. I would like Punitive Damages And disciplinary Action taken.

B. List actions taken and staff you have contacted, before submitting this grievance.

Regarding my Right to Access the Courts, I wrote the business Office and the unit manager. Regarding Retaliation, I did Nothing Prior to this Grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

*Exhibit E*

*FOR*

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Glavin Ivy | | Inmate Number: | NA8177 |
|---|---|---|---|---|
| Facility: | ~~████~~ | | Unit Location: | ~~████~~ |
| Grievance #: | 698086 | | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | |
| | ☐ Dismiss/Dismiss Untimely | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous!*

I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Coordinator's rejection. In your appeal you state your grievance was rejected on the basis that different events must be grieved separately. You claim your grievance concerned retaliation and a campaign of ongoing harassment. You state the Officers filed misconducts to ensure you remained in the RHU and to prevent you from having access to legal materials. You state everything in your grievance was relevant to the issue of retaliation. You also claim your status in the RHU deprived you of Commissary. You ask for your grievance to be accepted and processed.

I find the Grievance Coordinator properly rejected your grievance. Grievances pertaining to more than one event need to be filed separately. In addition, issues related to misconducts will be handled in accordance with the DC ADM 801.

Therefore, I uphold the initial rejection and your appeal and any requested relief is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Facility Manager |
| Date: | 10/17/17 |

cc:   DC-15
      File



*Exhibit F*

# INITIAL REVIEW RESPONSE
## SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Glavin Ivy | Inmate Number: | NA8177 |
|---|---|---|---|
| Facility: | SCI Camp Hill now at Forest | Unit Location: | |
| Grievance #: | 694286 | Grievance Date: | 10/05/2017 |

**Publication (if applicable):**

| Decision: | ☐ Uphold Inmate<br>X Grievance Denied<br>☐ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | *Frivolous* |
|---|---|---|

An investigation was conducted on behalf of the SCI Camp Hill Security Office concerning your allegation of improper force.

Please note this response is delayed as it required research and investigation, but will not affect your appeal rights. After a thorough investigation by this writer, including all available documentation, video and interviews with staff, it is the SCI Camp Hills' Security Office finding that your grievance is denied.

You did not provide any witnesses who supported your allegation.

All staff interviewed denied the allegation during their interviews.

Therefore, this grievance and any requested relief is denied.

| Signature: | |
|---|---|
| Title: | Security Lieutenant |
| Date: | 10/20/2017 |

cc:   Facility Grievance Coordinator/th
      DC-15

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-D*

*Exhibit G*

**EXTENSION**
SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001

In accordance with the provisions of DC-ADM 804, Inmate Grievance System policy, this notification either responds to your recent communication expressing an interest in extending the established timeline for submitting the below noted grievance (or appeal), or provides notice that staff requires an extension for responding to your grievance.

| Inmate Name: | Glavin Ivy | | Inmate Number: | NA8177 |
|---|---|---|---|---|
| Facility: | Camp Hill | | Unit Location: | C Block |
| Grievance #: | 694286 | | | |

| Action | | |
|---|---|---|
| | | **Inmate Request Denied** – Your request for an extension of time to file a grievance or an appeal has been denied. |
| | | **Inmate Request Approved** – Your request for an extension of time to file a grievance or an appeal has been approved. You have been granted 10 additional working days to submit your grievance (or appeal). |
| | | **Notice of Staff Extension** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your grievance (or appeal). Staff has been authorized to extend the response time by 10 additional working days. |
| | X | **Notice of Investigation** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your allegations of abuse. Staff has been authorized to extend the response time in accordance with DC ADM 001. |

Comments:

| Signature: | *Tonya L. Heist* |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 8.31.2017 |

cc:   Facility Grievance Coordinator
       Grievance Officer
       DC-15

*Exhibit H*

| DC-141 | PART 2A | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|

Rev. 6-84
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Facility | Date | Number as on Part I |
|---|---|---|---|---|
| NA 8177 | Ivy, Glavin | SCIC | 8-28-17 | B 948982 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☐ I request assistance by _____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance the testimony the witness will give

---

| If Inmate | DO NOT WRITE IN THIS SECTION |
|---|---|
| 1. Name of Witness: No. Quarters B 21 | For Use by Hearing Examiner |
| Michael Hernandez [ ] E-Block | Witness permitted?   If not, why not? |
| Why is this person's testimony relevant and important? | No- not necessary to establish |
| He witnessed most of the events | innocence or guilt |

| If Inmate | |
|---|---|
| 2. Name of Witness: No. 8779 Quarters B2 | Witness permitted?   If not, why not? |
| Harmeen Smith     C-Block | No. not necessary to establish |
| Why is this person's testimony relevant and important? | innocence or guilt |
| He witnessed and participated in the events. | |

| If Inmate | |
|---|---|
| 3. Name of Witness: No. Quarters | Witness permitted?   If not, why not? |
| Lt. Morton | No. not necessary to establish |
| Why is this person's testimony relevant and important? | innocence or guilt |
| I [ ] advise by staff and informed this Lt. that Sgt. Johnson threatened to make up a false misconduct if I reported him. | |

_____
Inmate's Signature

_____
Hearing Examiner's Signature

This section to be completed by Housing Officer only

Received completed form _____ hours 8-30-17
Time        Date

_____
Housing Officer's Signature

**WHITE – DC-15**    **YELLOW – Inmate's Copy To Be Given After Action By Hearing Examiner**    **PINK – Staff Member Reporting Misconduct**
GOLDENROD – Inmate Cited

*Exhibit I*

*B 21*

*NO code*

Form DC-141   Part 1
Rev 8/05

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

**B   948982**

☑ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| NA 8177 | Ivy, Glavin | SCIC | 1520 | 8-28-17 | 8-28-17 |

| Quarters | Place of Incident |
|---|---|
| C-B-59 | C-BlK   cell B-59 |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**   A Class 1 charge. 15. Threatening an employee or their family with bodily harm

**STAFF MEMBER'S VERSION**   On the above date and time while closing a round on C-BlK Inmate Ivy NA8177 did threaten this Sgt stating "I stayed in from yard for you now open this gate." This Sgt walked away from the cell and Inmate made another threat yelling "You coward you better watch your back. I've got something for you the next time this gate opens." This Sgt continued to walk away to deescalate the situation.

**IMMEDIATE ACTION TAKEN AND REASON**   Place AC STATUS IN RHU until seen by hearing examiner Lt. Tobias
(Coles)

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| | TIME | DATE |
| ☑ YES | 1600 | 8/28/17 |
| ☐ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| cell   (Johnson) | CMC | 8/28/17 | 2140 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS 1   ☐ CLASS 2 | |
| 8/31/17 | 0800 | | |

### Notice To Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE — DC-15      YELLOW — Inmate      PINK — Reporting Staff Member      GOLDENROD — Deputy Superintendent Facility Management

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 1 - Misconducts/Rule Violations*

*Attachment 1-B*

| DC-141, Part 2(B) **DISCIPLINARY HEARING REPORT** | **COMMONWEALTH OF PENNSYLVANIA** Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number NA8177 | Name Ivy, G. | Facility **CAM** | Hearing Date 8/30/17 | Hearing Time 0935 | No. from Part 1 B948982 |
| INMATE PLEA | ☐ Guilty ☑ Not Guilty | ☐ No Plea ☐ Other | VERDICT | ☐ Guilty ☐ Not Guilty | |

**HEARING ACTION**

CHARGES  #15

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

I/M pleads NOT GUILTY to charge #15.

After reading this report as written,  it is DISMISSED WITHOUT PREJUDICE.

| | | | |
|---|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | Inmate Version 2-A |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☑ |
| ☐ YES | ☑ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)  J. Schneck | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.  *J. Schneck*  _____ SIGNATURE OF HEARING EXAMINER/COORDINATOR |
|---|---|

WHITE – DC-15          YELLOW – Inmate Cited        PINK – Staff Member Reporting Misconduct
                 GOLDENROD – Deputy Facility Manager

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*          ***Attachment 4-A***
Issued: May 20, 2015
Effective: July 2, 2015

| DC-141, Part 2(B)<br>DISCIPLINARY HEARING<br>REPORT | | COMMONWEALTH OF PENNSYLVANIA<br>Department of Corrections | | | | |
|---|---|---|---|---|---|---|
| DC Number<br>NA8177 | Name<br>Ivy, G. | Facility<br>CAM | Hearing Date<br>9/6/17 | Hearing Time<br>1205 | No. from Part 1<br>B948983 | |

| INMATE<br>PLEA | ☐ Guilty<br>☑ Not Guilty | ☐ No Plea<br>☐ Other | VERDICT | ☐ Guilty<br>☑ Not Guilty |
|---|---|---|---|---|

HEARING ACTION

CHARGES    #15

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

I/M pleads NOT GUILTY to charge #15.

Having considered the evidence and charges presented:  DISMISSED

| ☐ YES | ☑ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | Inmate Version |
|---|---|---|---|
| ☐ YES | ☑ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☐ YES | ☑ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES<br>☑ |
| ☐ YES | ☑ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE<br>(TYPED OR PRINTED)<br><br>J. Schneck | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.<br><br>*J. Schneck*<br><br>SIGNATURE OF HEARING EXAMINER/COORDINATOR |
|---|---|

WHITE – DC-15          YELLOW – Inmate Cited          PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*          ***Attachment 4-A***
Issued: May 20, 2015
Effective: July 2, 2015

*Exh.*
*A code*

Form DC-141   Part 1
Rev 8/05

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

B   948511

☑ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| NA8177 | Ivy Glavin | SCIC | 1750 | 9/1/17 | 9/1/17 |

| Quarters | Place of Incident |
|---|---|
| E | E-Blk, B-pod  cell 82-70 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| Staff | Col Strohecker | ✓ | | | | | |
| Staff | Col Swope | ✓ | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** B class 1 #35 Refusing to obey an order, #36 Possession of Contraband #38 Destroying, altering, tampering with or damaging property

**STAFF MEMBER'S VERSION** On the above date and approximate time while this sgt. was conducting a cell search on cell 82-70 which houses Inmate Ivy (NA8177) this sgt. did find a fishing line made out of string from a blanket. This is not the first time that a line was found. This sgt. did give Inmate Ivy direct orders Not to destroy his blanket. Inmate Ivy's account should be assessed $19.90 for the cost to replace the blanket. DC-154A #B 969483

**IMMEDIATE ACTION TAKEN AND REASON** Inmate already confined in RHU Misconduct warranted remain present status till seen by Hearing Examiner Blanket being held in RHU w/f office Lt Burton

**PRE-HEARING CONFINEMENT**
IF YES

| ☐ YES | TIME | DATE |
|---|---|---|
| ☑ NO | Already | (confined) |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| Briney Sgt. | Cpt M | DATE 9/1/17 / TIME 7/30 |

YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER
DATE ___ TIME ___

**MISCONDUCT CATEGORY**
☑ CLASS 1   ☐ CLASS 2

Signature of Person Serving Notice

## Notice To Inmate
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE — DC-15    YELLOW — Inmate    PINK — Reporting Staff Member    GOLDENROD — Deputy Superintendent Facility Management

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 1 – Misconducts/Rule Violations*                    *Attachment 1-B*

B-20          EX 1 A          I/M

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number NA8177 | Name Ivy, G. | Facility CAM | Hearing Date 9/6/17 | Hearing Time 1210 | No. from Part 1 B948511 |
| INMATE PLEA | ☐ Guilty  ☑ Not Guilty | ☐ No Plea  ☐ Other | | VERDICT | ☐ Guilty  ☐ Not Guilty |

HEARING ACTION

CHARGES   #35, #38

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED


I/M pleads NOT GUILTY to all charges.


After reading this report as written, it is DISMISSED WITHOUT PREJUDICE.

| | | | |
|---|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | Inmate Version CIR: B969483 |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☑ |
| ☐ YES | ☑ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| J. Schneck | *J. Schneck* (signature) |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE – DC-15          YELLOW – Inmate Cited          PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager


*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*          ***Attachment 4-A***
Issued: May 20, 2015
Effective: July 2, 2015

# REMAND INITIAL REVIEW RESPONSE
SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001



FA1024

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Ivy, Glavin | | Inmate Number: | | NA8177 |
|---|---|---|---|---|---|
| Facility: | SCI Camp Hill | | Unit Location: | | C |
| Grievance #: | 693314 | | Grievance Date: | | 8/22/17 |
| Publication (if applicable): | | | | | |

| Decision: | Uphold Inmate<br>X Grievance Denied<br>Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | Frivolous | |
|---|---|---|---|

On your 8/22/2017 grievance you claim that since you arrived at R block SCI Camp Hill, you had spoken to staff and wrote requests to staff trying to obtain access to the law library but you had no access to the law library.  You alleges that you missed court deadlines due to lack of law library access.

CCTM Miller indicated you were transferred to R-Block at the CDCC from SCI-GRN for classification.  You arrived on R-Block on 8/9/17 and participated in the initial classification evaluation/testing process.  Upon completion of this process you were transferred to C-Block.  Mr. Miller indicated that he nor any staff person on R-Block has any record of receiving a request slip from you in regards to the Law Library.

You were transferred from R block to a regular CDCC housing unit, C block.  At this time you may request main law library usage by sending request to the law library.  As the librarian in charge of call line generation, I searched law library records and there is no document indicates that the library had received requests from you during the period of time from 8/17 to 8/20/2017.

No evidence of wrong doing was identified.  This grievance and any requested relief is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Corrections librarian |
| Date: | 1/9/2018 |

cc:  Facility Grievance Coordinator/th
     DC-15

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-D*

EX O

| | |
|---|---|
| **Form DC-135A**<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| | |
|---|---|
| 1. To:  (Name and Title of Officer)<br>Library  (law) Lizhu Zhong | 2. Date:<br>8-17-17 |
| 3. By: (Print Inmate Name and Number)<br>GIAVIN Ivy ~~Ann~~ NA8177<br>_Giavin Ivy_  NA8177<br><div align="center">Inmate Signature</div> | 4. Counselor's Name<br><br>5. Unit Manager's Name<br>Renee Zobitne |
| 6. Work Assignment<br>N/A | 7. Housing Assignment<br>B2-59-2   C-Block |

8. Subject: State your request completely but briefly. Give details.

I have 3 cases of which I am acting Pro-se. I have an Appeal Due on the 26th of August. If Arrangements can be made to have me in the law library this week, I would be thankful.

I can provide Court orders to prove such.

I will also need photocopies and legal envelopes. I have just been transferred to C-Block from R-block.

Please & Thank You!

**You have been assigned LAW LIBRARY on the following day/days**

9. Response: (This Section for Staff Response Only)

| ☐ Tues. 08:00 | ☐ Wed 08:00 | ☐ Thurs.  08:00 |
|---|---|---|
| ☐ Mon 13:00 | ☐ Tue 13:00 | ☐ Thurs.  13:00 |

*Law Request*

| | | |
|---|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ | **RECEIVED AUG 2-8 2017** |

Staff Member Name _____ / _____ Date _____
<div align="center">Print        Sign</div>

Revised July 2000

EX P

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Renee Zobitne (Unit Manager) | 2. Date: 8-17-17 |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>Gilavini Ivy   NA8177<br><br>_Gilavini Ivy_   NA8177<br>Inmate Signature | 4. Counselor's Name<br>Mrs. Chamberlain |
|---|---|
| | 5. Unit Manager's Name<br>Renee Zobitne |

| 6. Work Assignment<br>N/A | 7. Housing Assignment<br>B2-59-2 C-Block |
|---|---|

8. Subject: State your request completely but briefly. Give details.

I have a duedate ordered by the Court. This date is set for the 26th of August. I am acting pro-se on several cases. I need immediate access to the law library, photocopies and legal envelopes. If you would be so to make Arrangements so that I may visit the law library by tuesday the 22nD, I would be thankful.

< Please ↓ Thank You

9. Response: (This Section for Staff Response Only)

Only law library writes passes and legal them. DO NOT shotgun requests again

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____   Date _____
                              Print                    Sign

Revised July 2000

EX Q

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| | **INSTRUCTIONS** Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1.  To: (Name and Title of Officer) Lizhu Zhong (Librarian) | 2.  Date: 8-22-17 |
|---|---|
| 3.  By: (Print Inmate Name and Number) Glavin Ivy NA8177 _____ Inmate Signature | 4.  Counselor's Name MRS. Rhodes |
| | 5.  Unit Manager's Name Renee Zobitne |
| 6.  Work Assignment | 7.  Housing Assignment B2-59-2- C-Block |

8.   Subject:  State your request completely but briefly.  Give details.

I have a deadline due on the 26th of August. I have an appeal I must file. I will only need the law library for one day this week.

Please allow me to use the library Wends or Thursday, so that I can mail off my appeal.

I will need photocopies to serve the parties and legal envelopes to mail them.

I will also need to use the typewriter to finish typing my documents.

**You have been assigned LAW LIBRARY on the following day/days**

9.   Response: (This Section for Staff Response Only)

| | ☐ Tues. 08:00 | ☐ Wed 08:00 | ☐ Thurs.  08:00 | |
|---|---|---|---|---|
| | | | | |
| | ☐ Mon 13:00 | ☐ Tue 13:00 | ☐ Thurs. 13:00 | |

| To DC-14 CAR only   ☐ | To DC-14 CAR and DC-15 IRS   ☐ |
|---|---|

Staff Member Name _____ / _____     Date RECEIVED AUG 28 2017
                          Print                Sign

Revised July 2000

PUB
EXH 01
FOR CASE 18-820

EX R

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

# LAW LIBRARY SIGN UP

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request; it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: 8-24-17 |
| --- | --- |
| 3. By: (Print Inmate name and Number) GLAVIN IVY NA 8177 — Inmate Signature | 4. Counselor's Name Mrs Rhodes |
| | 5. Unit Manager's Name Renee Zobctne |
| 6. Work Assignment | 7. Housing Assignment B2-59-2-C-Block |

8. I wish to attend LAW Library for the following times : (INCLUDE ANY TIMES YOU ALREADY HAVE).

▶ Select No More Than THREE time Slots.

▶ Check Which Population you are.

| ☑ BLUES DO NOT select your commissary day. | ☐ BROWNS With conflicts due to job, school or DOC required Programs. | ☐ BROWNS Without conflicts due to job, school or DOC required Programs. |
| --- | --- | --- |
| Mon 13:00 ☐ | Sun 08:00 ☐ | Mon 08:00 ☐ |
| Tue 08:00 ☑ | Mon 17:30 ☐ | Fri 08:00 ☐ |
| ~~Tue 13:00~~ ☑ | Tue 17:30 ☐ | Fri 13:00 ☐ |
| Wed 08:00 ☑ | Wed 17:30 ☐ | Sat 13:00 ☐ |
| Thu 08:00 ☑ | Thu 17:30 ☐ | |
| ~~Thu 13:00~~ ☑ | Fri 17:30 ☐ | |

**Times and days are subject to change. Assignments are dependent upon availability.

9. Response: (This Section for Staff Response Only)

## You have been assigned LAW LIBRARY on the following day/days

| ☑ Tues. 08:00 9/5/17 | ☑ Wed 08:00 9/6/17 | ☑ Thurs. 08:00 9/7/17 |
| --- | --- | --- |
| ☐ Mon 13:00 | ☐ Tue 13:00 | ☐ Thurs. 13:00 |

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

RECEIVED AUG 25 2017

Staff Member Name _____ / _____ Date _____
Print                                          Sign

Revised July 2017

EX 5

| Form DC-135A | Commonwealth of Pennsylvania |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) _Robert Gimble (Business office man)_

2. Date: _9-1-17_

3. By: (Print Inmate Name and Number) _Glavis Ivy   NA 8177_
_(Ivy)     NA 8177_
Inmate Signature

4. Counselor's Name _Mr. Arnold_

5. Unit Manager's Name _Mr. Richie_

6. Work Assignment

7. Housing Assignment _B20-1 — E-Block (RHU)_

8. Subject: State your request completely but briefly. Give details.

I have several cases I am litigating pro-se. I am in RHU and have no means of conducting my legal business without paper to draft and prepare motions and envelopes to send things out. 8 envelopes is not sufficient to fulfill my right to access the courts. I need to serve several parties each time I file something. I am currently considered indigent by the courts and have no money $ at this time.

I need 20-30 pieces of blank printer paper, 5 large yellow envelopes, and to be provided and allowed to mail standard white envelopes for legal purposes, beyond the 8 a month limit. Please advise me as to how much I need to write a cash slip for if necessary. Please & thank you for your consideration in this matter.

9. Response: (This Section for Staff Response Only)

Mr. Ivy
You do not meet the guidelines to be considered indigent. Your account balance must be less than $10 for a period of 30 days. You may submit another request at that time. Envelopes are not provided in accordance with policy. Please review indigent status in the ADM 803 as outlined in the Inmate Handbook.

To DC-14 CAR only ☐     To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _Robert Gimble_
Print                    Sign                    Date _9~7-17_

Revised July 2000

Clerk of Court,                                7-20-18

     Enclosed Are the following documents to
be filed And Assigned A Docket/Case # :

   1 Civil Action Under Section 1983
A-S  Exhibits
   1 Motion for Appointment of Counsel
   1 Motion for Informa Pauperis Status

All Necessary forms

                         Please And Thank You

                         Glavin I.J  NA8177
                            @ SCI - Forest
                            PO BOX 945
                            Marienville, PA, 16293



Glavin Ivy NA8177
SCI-Forest
PO BOX 945
Marienville, PA 16239

RECEIVED
SCRANTON

JUL 27 2018

PER _____ DEPUTY CLERK

Clerk of
United Sta
Middle Di
William J
U S Court
235 Nort
P O Box
Scranton