IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLAVIN IVY,** : | **CIVIL ACTION NO. 1:18-CV-1506** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **SGT. JOHNSON,** *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

Plaintiff Glavin Ivy ("Ivy"), an inmate confined at State Correctional Institution, Forest, in Marienville, Pennsylvania ("SCI-Forest"), initiated this action pursuant to 42 U.S.C. § 1983.  The matter is proceeding via an amended complaint. (Doc. 47).  Presently before the court is Ivy's motion (Doc. 70) to compel discovery.  For the reasons set forth below, the motion will be granted in part and denied in part.

**I.      Factual Background & Procedural History**

In the amended complaint, Ivy alleges that he was denied access to the law library and other legal necessities while housed at the State Correctional Institution, Camp Hill, Pennsylvania.  ("SCI-Camp Hill").  (Doc. 47 at 2-5).  Ivy further contends that a correctional officer assaulted him, he was issued a false misconduct after the assault, and he did not receive any medical attention for the injuries he suffered as a result of the assault.  (Id. at 3, 6-9).

Ivy filed the instant motion (Doc. 70) to compel discovery wherein he challenges defendants' responses to his discovery requests.  The motion is fully briefed and ripe for resolution.

**II.     Legal Standard**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought.  FED. R. CIV. P. 37(a).  The moving party must demonstrate the relevance of the information sought to a particular claim or defense.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."  Hickman v. Taylor, 329 U.S. 495, 501 (1947).  Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible."  Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking

discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

## III. Discussion

In his motion to compel, Ivy requests that defendants be compelled to answer completely his set of interrogatories and requests for documents. (Docs. 70, 71).

### A. Requests for Personnel Information

Ivy requests full and complete responses to the interrogatories propounded on defendant Johnson, including two that seek information contained in personnel files. Those two interrogatories, and defendant Johnson's respective answers, are as follows:

- Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you have used force against an inmate while working at SCI-Camp Hill. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force. (Doc. 70 ¶ 8(b); Doc. 83-5 at 10).

  RESPONSE: OBJECTION. Responding defendant OBJECTS to this Interrogatory because it is seeking information that is overbroad, vague and unduly burdensome. Responding defendant further OBJECTS to this Interrogatory because it is not relevant to the plaintiff's claims, and not proportional to the needs of the case. Finally, Responding defendant OBJECTS to this Interrogatory because character evidence is generally inadmissible in civil cases. FED. R. EVID. 404(a). Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case. (Doc. 83-5 at 10).

- Please state, in full, your affiliation or work experience with defendant sergeant Benning, including if you worked with him, and when, where, and in what capacity, you did so. (Doc. 70 ¶ 8(d); Doc. 83-5 at 15).

3

> RESPONSE: OBJECTION.  Responding defendant OBJECTS to this Interrogatory because it is seeking information that is overbroad, vague and unduly burdensome.  Responding defendant further OBJECTS to this Interrogatory because it is not relevant to the plaintiff's claims, and not proportional to the needs of the case.  (Doc. 83-5 at 15).

This information is not discoverable because it is confidential, contains information about other inmates, and would create a security risk for defendant Johnson.  Additionally, under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case.  Thus, defendant Johnson's objection is sustained and the motion to compel production of this information will be denied.

> Ivy also seeks the following information from defendants:

- The entire SCI-Camp Hill disciplinary history of all the defendants, including whatever is maintained in their personnel/work file, and all documents that evidence, mention or refer to the institutional conduct or disciplinary history at SCI-Camp Hill. (Doc. 70 ¶ 9(b); Doc. 83-2 at 4).

- Please produce all the grievances filed against any and all of the defendants in the year of 2017, by inmates housed at SCI-Camp Hill. (Doc. 70 ¶ 9(g); Doc. 83-2 at 9).

Defendants object to the information sought on two bases.  (Doc. 83 at 4-5).  First, the inquiries seek information that is overly broad and unduly burdensome.  (Id.)  Second, the information is not relevant, and Ivy has no specific reason to believe this information will lead to admissible evidence.  (Id.)  The court finds that the motion to compel is properly denied on both grounds.  Ivy's request for discovery of the entire disciplinary history of defendants and all grievances is overly broad since it seeks discovery of complaints of any nature, involving any subject

4

matter, filed by any individual against the defendants. Accordingly, the motion to compel will be denied with respect to these requests.

### B. Requests for Information Pertaining to other Inmates

Next, Ivy asks defendants to provide the following information pertaining to fellow inmates:

- Please describe in as much detail as possible the reasons for relocating plaintiff's cellmate, Harmeen Smith, to another cell, the time and date this took place, and identify any document reflecting such relocation. (Doc. 70 ¶ 8(c); Doc. 83-5 at 14).

- The names, D.O.C. state numbers, and photographs (or mugshots) of all inmates located and housed on C-Block, B side, on August 27th, 2017. (Doc. 70 ¶ 9(c); Doc. 83-2 at 5).

- The names, D.O.C. state numbers, and photographs of all of plaintiff's cellmates housed with him at SCI-Camp Hill. (Doc. 70 ¶ 9(d); Doc. 83-2 at 5).

- All records related to cell changes of Hareem Smith. (Doc. 70 ¶ 9(f); Doc. 83-2 at 10).

- The shower lists maintained and used by staff in R.H.U. from August 27th, 2017 through September 11, 2017th, to record which inmate's showers. (Doc. 70 ¶ 9(h); Doc. 83-2 at 9).

- The present institution which houses the inmates interviewed by Lt. Francis and mentioned in his report provided by the defendants and the names and state numbers of those inmates. (Doc. 70 ¶ 9(i); Doc. 83-3 at 3).

Defendants object to these inquiries, arguing that the requests seek information about other inmates and therefore any response is privileged, confidential, and implicates prison security and privacy concerns. (Doc. 83 at 5-7; Doc. 83-2 at 5, 9, 10; Doc. 83-3 at 3; Doc. 83-5 at 14). It is clear that DOC policy prohibits an inmate from receiving information about another inmate. Pursuant to

5

DC-ADM 003, "[a]n inmate is prohibited from receiving inmate information pertaining to another inmate other than him/herself." DC-ADM003, Release of Information policy, Section IV(A)(5).[1]  There are sound security and confidentiality reasons for this policy.  Therefore, the court will deny Ivy's motion to compel this information.

### C. Requests for Discovery Regarding John Joe and Jane Doe

Defendants did not provide any responses to the interrogatories directed at John Doe and Jane Doe.  (Doc. 70 ¶ 8(h)).  After the interrogatories were propounded on defendants, Ivy identified the John Doe and Jane Doe defendants.  Defendants have no objection to Ivy re-submitting these interrogatories directed to the appropriate named parties once counsel has entered an appearance on their behalf.  (Doc. 83 at 7-8).  The court will deny the motion to compel at this juncture.  However, in the event that the newly identified individuals are added as defendants in this action, Ivy is free to re-submit the interrogatories to the properly identified individuals.

### D. Defendant Benning's Discovery Responses

Ivy takes issue with defendant Benning's discovery answers and he requests full and complete responses to the interrogatories propounded on defendant Benning.  (Doc. 70 ¶ 8(e)).  In response, defense counsel agrees to revise Benning's

---

[1] A copy of the DOC's DC-ADM 003, Release of Information policy is available via the DOC's website at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/003%20Release%20of%20Information.pdf (last visited January 26, 2021).

answers.  (Doc. 83 at 7-8).  The court will grant the motion to compel and direct defendant Benning to provide updated responses to the interrogatories.

### E. Answers to Various Interrogatories and Requests for Production

Ivy challenges several answers to interrogatories propounded on various defendants.  First, Ivy posed the following question to defendant Johnson:

- Please describe in as much detail as possible the complete circumstances surrounding your use of force against the plaintiff on August 27, 2017, and otherwise your version of events related to plaintiff's complaint against you.  (Doc. 83-5 at 7).

In response, defendant Johnson stated: "Responding defendant never entered plaintiff's cell during the shift."  (Id.)

Second, Ivy takes issue with defendant Zhong's response to the following interrogatory:

- Please identify all documents you received from the plaintiff during the months of August and September 2017.

    RESPONSE:  Responding defendant received request slips for library time and that time was provided.

(Doc. 83-6 at 7).

Third, Ivy requests more complete answers to the following interrogatories propounded on defendant Morton:

- Please describe in full, the training you received and the proper procedures set forth by the D.O.C. governing the appropriate course of conduct when addressing a report of staff assault by an inmate.  (Doc. 83-7 at 8).

    RESPONSE: OBJECTION.  Responding defendant OBJECTS to this Interrogatory because it is seeking information that is overbroad, vague and fails to state a specific date.  (Doc. 83-7 at 8).

- Exactly what were your reasons for allowing the plaintiff to meet you in your office on August 28th, 2017?  (Doc. 83-8 at 2).

- Exactly, or approximately how long was the duration of the meeting in your office, between the plaintiff and yourself, from plaintiff[']s arrival and his departure.  (Doc. 83-8 at 3).

Defendants appear to direct Ivy to the following response to both questions:

- Responding defendant recalls plaintiff saying he would like to speak to him after lunch mainline.  At some point, plaintiff was called to Responding defendant's office and was asked what he wanted to speak to him about.  At that time, plaintiff told Responding defendant never mind and plaintiff was sent back to C-Block.  Plaintiff at no time informed the Responding defendant, during the 6-2 shift, that he was assaulted by Sgt. Johnson, who was assigned to the 2-10 shift.  (Doc. 83-7 at 4).

Fourth, Ivy requests "[a]ny and all camera footage pertaining to the time and place of the events alleged."  (Doc. 83-2 at 7).  Defendants maintain that no such video exists.  (Id.; see also Doc. 83 at 11).

The court will deny Ivy's motion to compel insofar as he challenges the responses to these interrogatories and requests for production.  His challenges appear to be simple disagreement with the content of the responses.  To the extent that Ivy believes defendants' responses are insufficient, the court disagrees.  The court finds that each defendant's response to the above-listed interrogatories and requests for production is adequate and appropriate.  The court will sustain defendants' objections and will not direct defendants to provide further responses to these interrogatories.

### F. Requests for Prison File

Ivy next seeks: "[t]he complete contents of plaintiff's prison file, including but not limited to disciplinary reports, incident reports, evaluations, criminal justice information, and medical and mental health records." (Doc. 70 ¶ 9(a); Doc. 83-2 at 3). Defendants object to this information as follows:

> RESPONSE: OBJECTION. Defendants OBJECT to this Request because it seeks information that is overbroad and unduly burdensome. Defendants further OBJECT to this Request as it is not relevant to the plaintiff's claims, and not proportional to the needs of the case. Finally, defendants OBJECT to this Request to the extent that it seeks certain information that documents the thoughts, processes, candid observations, conclusions, and recommendations made or used by the DOC throughout the investigation of a particular incident. Such information constitutes security-sensitive investigatory details that reveal investigatory techniques, credibility determinations of fact finders as well as confidential prison security information.

(Doc. 83-2 at 3). The court finds that the requested documents could lead to the discovery of admissible evidence. Ivy's request for disciplinary reports, incident reports, and evaluations will be granted in part to the extent that they relate to the events giving rise to his present claims.

With respect to Ivy's request for medical records, he may review his medical records by following the practice outlined in DC-ADM 003, Release of Information. Pursuant to DC-ADM 003, an inmate may initiate a request for production of his own medical records. See DC-ADM 003. Ivy does not assert that he attempted to utilize the DOC's available prison procedures to access his medical records, or that the DOC refused to answer his request to review his chart. Accordingly, the court finds that compliance with this prison policy is the appropriate procedure for Ivy to follow to access his own medical records.

The court also finds that Ivy is entitled to view the portions of his own mental health treatment records that are pertinent to his present claims. Ivy's request to compel production of his mental health records will be granted to the extent that he seeks access to records that are contemporaneous with the time period of the events in this action, August 9, 2017 through September 11, 2017. Because mental health records contain sensitive diagnostic observations and conclusions, Ivy must execute any appropriate release or confidentiality agreement prior to viewing these documents.

### G.  Request for Phone and Video Information

In his request for production, Ivy seeks the following video footage: video of the chow hall, at lunch, on the a-side, on August 27, 2017; video of the chow hall, at lunch, on the b-side, on August 28, 2017; video of any area from c-block to lieutenant Morton's office on August 28, 2017, recording plaintiff's movement to and from said locations; and, video of plaintiff's transfer to the restricted housing unit on August 28, 2017. (Doc. 83-3 at 4). Defendants object to this request as irrelevant and not proportional to the needs of the case. (Id.) The court finds that the requested videos are relevant to Ivy's claims (see Doc. 47 at 6-7), and could lead to the discovery of admissible evidence. This is an appropriate request and will be granted. Defendants will be directed to provide the requested video footage, to the extent that the same exists.

Lastly, Ivy poses the following question to defendants: "[h]ow long does SCI Camp Hill maintain and preserve phone and video recordings of inmates?" (Doc. 70 ¶ 8(k); Doc. 83-8 at 5). Defendants do not object to providing this information to

Ivy. (Doc. 83 at 11-12). As such, the court will grant Ivy's motion to compel and direct defendants to provide the requested information.

**IV.     Conclusion**

Ivy's motion (Doc. 70) to compel will be granted in part and denied in part. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      February 1, 2021