IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLAVIN IVY,** | : | CIVIL ACTION NO. 1:18-CV-1506 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SGT. JOHNSON, SGT. BENNING,** | : | |
| **RENEE ZOBITNEE, LIZHU ZHONG,** | : | |
| **ROBERT GIMBLE, LT. MORTON,** | : | |
| **ERIC FULLER, RACHAEL JONES,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Before the court is plaintiff's motion (Doc. 87) for reconsideration of this court's February 1, 2021 Memorandum and Order (Docs. 84, 85) ruling on plaintiff's motion to compel discovery. For the reasons set forth below, the motion for reconsideration will be granted in part and denied in part.

### **I.  Background**

On February 1, 2021 the court granted in part, and denied in part, plaintiff's motion to compel discovery. (Docs. 84, 85). Plaintiff filed a motion (Doc. 87) for partial reconsideration of the court's decision on his motion to compel discovery. Defendants have filed a response (Doc. 99) to plaintiff's motion for reconsideration, providing that they intend to file supplemental responses to plaintiff's clarified discovery requests, but that the remainder of plaintiff's motion for reconsideration should be denied.

## II.     Legal Standard

The scope of a motion under Rule 59(e) "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering or amending a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or, (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III.    Discussion**

Plaintiff requests that the court reconsider portions of its February 1, 2021 Memorandum and Order granting in part, and denying in part, his motion to compel discovery. Specifically, he seeks reconsideration of the court's rulings on the following discovery requests: (1) information relating to other inmates; (2) names of possible witnesses to the incident at issue; (3) information on Hispanic inmates; (4) identification of his cellmates from the Restricted Housing Unit; and (5) a shower list, redacted to show only his personal information. (Doc. 87).

**A.    Request for Information Pertaining to Other Inmates**

In the motion to compel, plaintiff sought the following information pertaining to fellow inmates:

- Please describe in as much detail as possible the reasons for relocating plaintiff's cellmate, Harmeen Smith, to another cell, the time and date this took place, and identify any document reflecting such relocation. (Doc. 70 ¶ 8(c); Doc. 83-5 at 14).

- The names, D.O.C. state numbers, and photographs (or mugshots) of all inmates located and housed on C-Block, B side, on August 27th, 2017. (Doc. 70 ¶ 9(c); Doc. 83-2 at 5).

- The names, D.O.C. state numbers, and photographs of all of plaintiff's cellmates housed with him at SCI-Camp Hill. (Doc. 70 ¶ 9(d); Doc. 83-2 at 5).

- All records related to cell changes of Hareem Smith. (Doc. 70 ¶ 9(f); Doc. 83-2 at 10).

- The shower lists maintained and used by staff in R.H.U. from August 27th, 2017 through September 11th, 2017, to record inmate's showers. (Doc. 70 ¶ 9(h); Doc. 83-2 at 9).

- The present institution which houses the inmates interviewed by Lt. Francis and mentioned in his report provided by the defendants and

the names and state numbers of those inmates. (Doc. 70 ¶ 9(i); Doc. 83-3 at 3).

The court denied plaintiff's motion to compel this information, finding that Department of Corrections' ("DOC") policy prohibits an inmate from receiving information about another inmate. (Doc. 84 at 5-6). Pursuant to DC-ADM 003, "[a]n inmate is prohibited from receiving inmate information pertaining to another inmate other than him/herself." DC-ADM003, Release of Information Policy, Section IV(A)(5).[1] We found that there are sound security and confidentiality reasons for this policy.

Plaintiff's motion for reconsideration neither demonstrates an intervening change in controlling law nor provides any evidence that was not previously available to this court. Rather, plaintiff merely reasserts the same arguments he previously advanced, and disagrees with the DOC policy. This simply "cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 416. Consequently, because plaintiff does not advance an intervening change in controlling law, provide any evidence that was not previously available to the court, and the court does not find any manifest errors of law or fact in its prior Order, plaintiff's motion for reconsideration will be denied on this ground.

---

[1] A copy of the DOC's DC-ADM 003, Release of Information policy is available via the DOC's website at https://www.cor.pa.gov. (https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/003%20Release%20of%20Information.pdf; last visited June 14, 2021).

### B. Names of Potential Witnesses, Identification of Cellmates from the Restricted Housing Unit, and Shower List

In the motion for reconsideration, plaintiff has clarified several of his earlier discovery requests. He seeks the names of possible witnesses to the incident at issue, identification of his cellmates while housed in the Restricted Housing Unit, and a shower list, redacted to show only his personal information. (Doc. 87 at 2-4). In response to the motion for reconsideration, defendants state that because plaintiff has clarified the requested information, these requests are now appropriate, and they will provide responses to plaintiff's requests. (Doc. 99 at 3-4). The court will grant the motion for reconsideration and direct defendants to provide the requested information.

### C. Information on Hispanic Inmates

Plaintiff next seeks the name, photograph, and inmate number of every Hispanic inmate that was on his block on August 27, 2017. (Doc. 87 at 3). Defendants object to this request because it is seeking information that is overbroad and irrelevant. (Doc. 99 at 3-4). Defendants indicate that, if plaintiff further refines his request and no confidential information is sought, they will provide an appropriate response. (Id.) As presently stated, the court will deny plaintiff's request for the name of every Hispanic inmate on his block on the date in question. However, as discovery is set to close on August 26, 2021, the parties are expected to produce information and documents in their possession or control relevant to their own and other parties' claims and defenses, including the names of any potential witnesses who are Hispanic.

## IV. <u>Conclusion</u>

The motion (Doc. 87) for reconsideration will be granted in part and denied in part.  An appropriate Order shall issue.

<u>/S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small></u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      June 15, 2021